# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TIMOTHY PASSOW,

    Plaintiff,                                  CASE #

v.

PFIZER INC.

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FLSA
## & DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY PASSOW, by and through the undersigned counsel, herein sues the Defendant, PFIZER INC. pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, TIMOTHY PASSOW, brings this action for violations of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (the "FLSA"). Plaintiff alleges that he was not fully compensated for all overtime hours worked and that he suffered unlawful retaliation when he asserted his rights to overtime compensation.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to

compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff worked for Defendant under the job title of Payroll Senior Associate.

4. Plaintiff was employed with Defendant from December 27, 2021 to March 24, 2023.

5. Plaintiff worked at Defendant's office located at 2002 N. Tampa St., Tampa, FL 33607. At times, Plaintiff also worked for Defendant remotely from his home in Pinellas County, Florida.

6. Throughout Plaintiff's employment with the Defendant in his position, he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so.

7. Throughout Plaintiff's employment he was required to work overtime hours without any additional payment or premium for overtime hours he worked.

8. Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

9. The Defendant should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

10. After Plaintiff questioned why he was not paid overtime, Defendant began its scheme to create a pretext to either terminate Plaintiff or to create an intolerable work environment that would force Plaintiff to resign.

11. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## **PARTIES, JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, since this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq*.

13. This Court has personal jurisdiction over this action because the Defendant operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Tampa, Hillsborough County, Florida.

14. Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

15. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

16. Defendant, PFIZER INC. is a for-profit corporation with primary business offices located at 66 Hudson Boulevard East, New York, NY 10001-2192. Defendant may be served through its registered agent C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

17. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past 3 years.

18. All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

19. Plaintiff's primary job duty was to process payroll and to process executive stock, tax corrections and amendments and to complete other reporting and auditing functions.

20. Defendant paid Plaintiff on a salary basis.

21. All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendant.

22. Plaintiff did not fire employees or hire employees.

23. Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

24. Plaintiff routinely worked hours in excess of 40 per week throughout his employment with Defendant.

25. Defendant did not track and record the work hours of Plaintiff.

26. Despite regularly working in excess of 40 hours per week during his employment with Defendant, Plaintiff was never paid an overtime premium of any

amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

27. Defendant did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

28. On or about August 12, 2022, Plaintiff had a meeting with his manager James Hootman.

29. In this meeting, Plaintiff told his manager that he was working overtime hours, was not being paid overtime compensation, and asked why he was not being paid overtime compensation. Hootman responded that Plaintiff was exempt from overtime and that Plaintiff should not have to even ask if he is exempt from overtime.

30. In the days after this meeting, Hootman told Plaintiff that Pfizer might not be a good fit for Plaintiff and strongly implied that Plaintiff was misusing Defendant's data and records and that Plaintiff was in violation of Defendant's Confidentiality policy.

31. After this meeting with Hootman, Defendant assigned Plaintiff additional work and duties, all with unrealistic deadlines for a single person to complete. These additional duties now being assigned to Plaintiff had previously been assigned to other employees.

32. Previous to the Plaintiff's meeting with Hootman in August 2022, Hootman instructed Plaintiff to not help another employee, Kathy Schmuckie, with any requests for assistance she might have, and further instructed Plaintiff to take time off from work so that Schmuckie would have to cover the work of Plaintiff which Hootman believed Schmuckie would not be able to handle.  Plaintiff did as instructed by Hootman, and when Schmuckie was unable to handle the added job duties, Defendant used this as a reason to terminate her employment.

33. After Plaintiff's meeting with Hootman, Plaintiff identified the same pattern that was applied to Schmuckie now being applied to him; assign to Plaintiff more tasks than he can handle and when he fails to complete all of these tasks, issue him negative performance reviews and performance improvement plans as a pretext to his ultimate termination, or create an intolerable work environment such that Plaintiff would be forced to resign.

34. After Plaintiff questioned his manager why he was not being paid overtime compensations, Plaintiff received his first negative performance review in October 2022 and later was put on a performance improvement plan for the first time in November 2022.

35. Due to the negative performance review in October 2022, Plaintiff received a smaller raise in his compensation compared to that given to his peers.

36. After Plaintiff questioned his manager why he was not being paid overtime compensation, Plaintiff applied for two different positions, first in August

2022 and the second in January 2023. Plaintiff was never interviewed for the first position. For the second position, Plaintiff was interviewed, but upon information and belief, this interview was a mere pretext as the job position had already been filled at the time of Plaintiff's interview.

37. On or about February 21, 2023, Plaintiff submitted to his team lead, KIMBERLY ODUIJK, a doctor's note stating that Plaintiff should be allowed to work from home due to his medical condition. Shortly thereafter, Plaintiff began working from his home.

38. On or about March 21, 2023, Oduijk demanded Plaintiff submit his doctor's note and that he return to work in the office. Plaintiff advised that he had already submitted his doctor's note and that he could not drive to the office due to the medications he was now taking.

39. On or about March 24, 2023, Defendant issued another performance improvement plan to Plaintiff for the stated reasons that he had not returned to work in the office and because he had not submitted his doctor's note to the correct department.

40. Defendant's severe and significant changes in the terms and conditions of Plaintiff's employment created a hostile and intolerable work environment such that Plaintiff was forced to leave his employment with Defendant on March 24, 2023.

41. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I

## **Failure to Pay Overtime Compensation in Violation of the FLSA**
## **29 U.S.C. § 201, *et seq.***

42. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

43. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

44. The Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

45. The overtime wage provision set forth in FLSA Section 207 apply to Defendant as it has engaged in commerce under the definition of the FLSA and has revenues greater than $500,000 annually.

46. Throughout Plaintiff's employment with Defendant, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

47. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

48. Plaintiff did not have disciplinary authority or discretion, and was not involved in hiring and firing of employees.

49. Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as his primary job duty was to process payroll and to process executive stock, tax corrections and amendments and

to complete other reporting and auditing functions according to set procedures as created by Defendant.

50. Plaintiff did not make decisions as an exempt administrator would, nor did he create policy.

51. Plaintiff did not "manage" a department or manage other employees.

52. Defendant is aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

53. Defendant knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

54. Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

55. During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendant was aware Plaintiff was working over 40 hours routinely to perform his job duties.

56. Defendant knowingly and willingly failed to pay Plaintiff proper

overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay premium for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

57. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

58. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

59. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## Retaliation in Violation of the FLSA
## 29 U.S.C. § 201, et seq.

60. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

61. Plaintiff engaged in protected activity where he asked his manager why he was not being paid overtime for the overtime hours he was working.

62. Plaintiff's pursuit of his rights under the FLSA is protected conduct under §215 of the FLSA, which prohibits retaliation for challenging the Defendant's

unlawful pay practices or seeking recovery for overtime wages owed.

63. Defendant retaliated against Plaintiff by intimidation, coercion, harassment, oppression, loss of future advancement, and by applying a heightened level of scrutiny to Plaintiff's work and actions.

64. Defendant's retaliatory actions would make a reasonable employee reluctant to pursue their rights under the FLSA.

65. Defendant undertook its retaliatory and adverse employment actions because of and after Plaintiff pursued his rights under the FLSA.

66. Defendant's harassment and retaliatory actions were adverse employment actions and tantamount to a constructive termination of his employment.

67. The unlawful employment practices complained of herein and the actions of Defendants and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's rights.

68. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff suffered financial and emotional harm, which continues.

69. Plaintiff has suffered loss of income, mental anguish and humiliation and other related costs as a result of his loss of income due to Defendant's retaliatory actions and constructive discharge of Plaintiff's employment.

70. The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff demands judgment against Defendants including the following relief:

    a. A judgment finding that Defendant willfully and in bad faith violated the overtime compensation provisions of the FLSA;

    b. That the Court award Plaintiff overtime compensation and a premium for all the previous hours worked over forty (40) hours in any work week in which he did not receive a premium for all overtime hours worked during the past three (3) years, AND award payment of liquidated damages of an equal amount of the awarded overtime wages; in addition to penalties and interest on said award pursuant to §216 of the FLSA;

    c. Payment of his attorneys' fees and costs pursuant to § 216 of the FLSA for all causes of action;

    d. Payment of back pay from the date of constructive termination of Plaintiff's employment until the date of judgment or jury verdict, plus front pay in lieu of reinstatement in amounts to be determined by the jury and double the sums owed as liquidated damages; and

    e. Compensatory damages for retaliatory constructive discharge and termination of Plaintiff's employment;

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated October 3, 2023.

                                                  Respectfully submitted by,

*/s/Mitchell Feldman, Esquire*
Mitchell Feldman, Esq.
**Feldman Legal Group**
FL Bar No.: 080349
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*
